# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THERESA VICTORY | : CIVIL ACTION |
| --- | --- |
| v. | : NO. 18-5170 |
| BERKS COUNTY, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  June 3, 2019

On January 15, 2019, after an extensive evidentiary hearing, we found Berks County admittedly limited the freedom of movement of female inmates which it carefully classifies as "Trusty" in a significantly different manner than male inmates who are classified as "Trusty" inmates. Men live in unlocked cells with significant freedom of movement in a "Community Reentry Center" which Berks County proudly touts as fulfilling the "goal of reducing recidivism and assisting residents in re-establishing themselves as productive members of our community."[1] Women carefully classified as Trusty inmates such as Alice Velazquez-Diaz live, as a matter of Berks County Policy, in a locked cell in the F Block of the Berks County Jail managed by the same officials without freedom of movement for eighteen out of twenty-four hours, restricted visitation rights, and inability to enjoy the same freedom of movement as Trusty inmates whose only difference from them is their sex. We held three evidentiary hearings on three womens' motions for preliminary injunctions challenging this Policy and, in each instance, found Berks County violated constitutional rights of female Trusty inmates. Berks County now seeks a stay of the entire case and our most recent Order requiring it file a plan of remediation for our review. It fails to show grounds for this extraordinary stay requiring we deny its motions in the accompanying Order.

Berks County's defense is based on economics and logistics; it claims it does not have enough female correctional officers to cover the female Trusty inmates if they were to provide the same freedom of movement to the women Trusty inmates and otherwise does not have funds to retrofit the Community Reentry Center to allow women Trusty inmates to live there.

As fully addressed in our January 15, 2019 and May 20, 2019 Findings of Fact and Conclusions of Law, we find these reasons entirely lack merit. As we learned in our May 15, 2019 evidentiary hearing, Berks County has twenty-two female correctional officers who could cover for the Trusty women particularly if they are in the same F-block of the Berks County Jail. Berks County also over sixty open beds in the Community Reentry Center as of May 15, 2019. Our May 20, 2019 Order only requires equal treatment for Alice Velazquez-Diaz.

The unique nature of these female Trusty inmates is they often are sentenced to a short-term stay in prison. By the time they exhaust their legal rights, they are released from their state court sentence before they can be afforded equal protection. This is exactly what occurred with Theresa Victory who obtained a preliminary injunction followed by Berks County placing her in disciplinary segregation depriving her of Trusty status and then, on the last day of her disciplinary hold, released her under the state court sentence. But Alice Velazquez-Diaz's state court sentence ends in August 2019. Every day she spends with substantially different freedom of movement than male Trusty inmates violates her constitutional rights. The same Berks County officials manage both the F-block of the Jail housing Trusty female inmates and the Community Reentry Center housing just men within a few hundred yards of each other in Berks County. Berks County's economic reasons lack merit and would not, in any event, be enough to continue to deprive Ms. Velazquez-Diaz of her constitutional rights.

## I. Background

On November 30, 2018, Theresa Victory, then a female Trusty inmate in the Berks County Jail, sued Berks County and several Berks County officials (collectively "Berks County") under the Fourteenth Amendment's Equal Protection Clause alleging Berks County treated male Trusty inmates housed in the separate Community Reentry Center more favorably.[2] On December 13, 2018, she moved for a preliminary injunction and we held an extensive evidentiary hearing.

On January 15, 2019, we granted Ms. Victory's motion for preliminary injunction and ordered Berks County provide her with the same liberty and freedom offered to male Trusty inmates in the Berks County Jail System.[3] Ms. Victory then admittedly violated an internal policy and ended up losing her Trusty status in disciplinary segregation which conveniently ended on the last day of her sentence.[4] Uncertain whether Berks County would release Ms. Victory and deferring to the prison officials need to maintain disciplinary order when inmates admit the violations, we reconsidered the immediate placement of Ms. Victory but ordered Berks County file a plan describing how it would satisfy the constitutional protections defined in our January 15, 2019 Order after Ms. Victory's disciplinary segregation expired on January 29, 2019.[5] Berks County's Warden signed the plan describing Berks County plan to comply with our Order.[6] Consistent with the state court sentence, Berks County released Ms. Victory shortly after midnight on her release date and Berks County did not have to effect its filed plan.

On April 22, 2019, female Trusty inmate Alice Velazquez-Diaz joined the case and moved for a preliminary injunction two days later.[7] Notwithstanding filing a plan which it hoped would afford all female Trusty inmates equal treatment, Berks County opposed the motion. We held an evidentiary hearing on May 15, 2019. On May 20, 2019, we granted Ms. Velazquez-Diaz's motion for injunctive relief and issued Findings of Fact and Conclusions of Law.[8] We ordered Berks

3

County "file a proposed plan to ensure compliance with the accompanying Memorandum allowing Ms. Velazquez-Diaz to have the freedom of movement provided to male Trusty inmates housed at the Community Reentry Center as of May 15, 2019[.]"[9] We now await this plan presumably similar to one Berks County filed on January 29, 2019. After receipt of the plan, we afforded Ms. Velazquez-Diaz an opportunity to respond and we would then consider a narrowly tailored plan to ensure her equal protection rights are honored pending trial.

The parties are obligated to meet several deadlines as we proceed towards a July 30, 2019 trial (absent class certification)[10] or a November 12, 2019 trial on class claims.[11] Class certification briefs are due today.[12] Motions for summary judgment on Ms. Victory's and Ms. Velazquez-Diaz's individual claims are also due today.[13] Meanwhile, Ms. Velazquez-Diaz sits in a locked cell on the F Block of the Jail awaiting Berks County's efforts to provide her with Equal Protection under the Law.

## II. Analysis

Hoping to avoid a plan for Ms. Velazquez-Diaz's and our review, Berks County moves to stay all proceedings pending the outcome of Berks County's appeals of January 15, 2019 Order relating to Ms. Victory and our May 20, 2019 Order affecting Ms. Velazquez-Diaz.[14] The next day, Berks County moved to stay our May 15, 2019 Order pending the appeal.[15]

Berks County argues we should stay the proceedings pending our Court of Appeals' decision on appeals of our January 15, 2019 and May 20, 2019 preliminary injunction Orders. Berks County argues we lack jurisdiction to proceed pending the appeals or, if we do have jurisdiction, we should exercise our discretion to stay the case. Berks County also argues we should stay the May 20, 2019 Order pending appeal.

4

### A. We have jurisdiction to proceed.

Berks County argues we should stay all further proceedings pending our Court of Appeals' review of our January 15, 2019 and May 20, 2019 preliminary injunction Orders because we lack jurisdiction to proceed. We may stay the case when a notice of appeal divests our "control over those aspects of the case involved in the appeal."[16] Our Court of Appeals instructs "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."[17]

"There is no complete divestiture of jurisdiction where 'the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal.'"[18] For example, in *Smith v. Twp. of Aleppo*, the district court ordered a contempt hearing to determine whether the defendants violated a preliminary injunction.[19] The defendants argued because they had earlier appealed the injunction order with the appeal still pending, the notice of appeal divested the district court's jurisdiction to proceed in the case. The district court rejected the defendants' argument explaining an appeal only divests jurisdiction concerning "issues decided in the order being appealed."[20] The district court held the appeal of the preliminary injunction order did not divest its jurisdiction to proceed with a contempt hearing determining whether the defendant violated the preliminary injunction.[21]

In *Jamul Action Committee v. Chaudhuri*, plaintiffs sued the Indian Gaming Commission and moved for a preliminary injunction.[22] The district court denied the injunction and the plaintiffs appealed. The court explained the appeal from an order granting or denying a preliminary injunction "does not divest the district court of jurisdiction to proceed with the action on the merits."[23]

5

The district court cited the Ninth Circuit Court of Appeals' decision in *Plotkin v. Pacific Telephone and Telegraph Co.*[24] In *Plotkin*, the plaintiff sued the defendants under § 1983 and moved for a preliminary injunction. The district court denied the motion for failure to exhaust remedies and the plaintiff filed an interlocutory appeal. While the appeal was pending, the district court granted the defendants summary judgment for failure to exhaust remedies. The Ninth Circuit Court of Appeals then reversed the preliminary injunction and the plaintiff moved to vacate summary judgment arguing the district court lacked jurisdiction to proceed with the case during the pending appeal. The Ninth Circuit Court of Appeals rejected the plaintiff's argument holding "an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."[25]

In *Manriquez v. DeVos*, a putative class of students sued the Department of Education seeking relief from their student loans.[26] The district court issued a preliminary injunction preventing the Department from collecting on the loans. The Department appealed and moved to stay further proceedings in the case. The district court explained the divestiture rule only applies to "aspects of the case involved in the appeal,"[27] and the court has "broad discretion to stay proceedings as incident to its power to control its own docket."[28] The district court refused to stay the proceedings as to any potential motion for class certification, finding (1) the certification issue did not relate to the issues in the appeal of the preliminary injunction and (2) the plaintiffs "may be significantly harmed if the case is stayed without the determination of the class certification motion."[29]

Berks County relies upon a decision of the United States Bankruptcy Court for the Middle District of Florida in *In re Norris Grain Co.*[30] In *Norris*, the debtors in a bankruptcy proceeding

6

filed an adversary complaint against the IRS alleging the IRS improperly assessed taxes against them. The court enjoined the IRS from collecting taxes from the debtor. The IRS appealed the injunction order and then moved to dismiss the adversarial complaint.

The bankruptcy court explained a notice of appeal "divests the district court of jurisdiction over those aspects of the case which are involved in the appeal."[31] But it explained the rule "is a discretionary rule designed to avoid the confusion and waste of time which would arise if two courts were considering the same issues simultaneously."[32] The bankruptcy court held it lacked jurisdiction to rule on the motion to dismiss since dismissal of the complaint would moot the appeal.[33] We are not persuaded by the bankruptcy court's decision.

Berks County argues the appeals divest our jurisdiction to proceed because the appeals address the same issue we face at summary judgment and trial: whether Berks County's policy of treating Trusty female and male inmates differently violates the Equal Protection Clause. We disagree. In their appeals, Berks County challenge the propriety of granting preliminary injunctions based on the record from our preliminary injunction hearings. At summary judgment, we determine whether Berks County violated the Equal Protection Clause and whether Mses. Victory and Velazquez-Diaz are entitled to damages based on a separate summary judgment record. A judgment at the summary judgment stage or even following trial has no impact on our Court of Appeals' determination whether we properly issued a preliminary injunction under a separate record and a separate standard. Nor would a judgment at the summary judgment stage or trial moot Berks County's appeals. As the Ninth Circuit Court of Appeals explained, we can proceed to summary judgment on the merits of the case during a pending appeal of a preliminary injunction order.[34] Mses. Victory and Velazquez-Diaz also seek damages in this case. We made no findings on damages in our preliminary injunction orders. Like the plaintiffs in *Manriquez*,

7

Mses. Victory and Velazquez-Diaz also seek class certification. The issues in a motion for class certification are unrelated to the issues in Berks County's appeal of our preliminary injunction orders. We do not lack jurisdiction to proceed in this case.

### B. We will not stay all proceedings pending Berks County's appeals.

Berks County argues if we retain jurisdiction, we should nevertheless stay all proceedings pending its appeals of our January 15, 2019 and May 20, 2019 preliminary injunction Orders. Under 28 U.S.C. § 1292, Berks County may file an interlocutory appeal of an order granting a preliminary injunction.[35]

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction."[36] In determining whether to grant a motion to stay pending an appeal, we must scrutinize "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[37] Our court of appeals explained a stay of an injunction pending an appeal is "an extraordinary remedy" and is "rarely granted."[38] "The bar is particularly high where . . . the movant is seeking immediate relief from a preliminary injunction granted after an evidentiary hearing," since "the movant is effectively asking the court to negate the preliminary injunction that it just granted."[39]

Berks County argues a different standard for ruling on a motion to stay. It argues we look at other factors: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy."[40] We are not aware of why we would deviate from Court of Appeals' standard for a stay pending appeal but

8

under either standard, Berks County fails to show we should enter an extraordinary remedy by granting its motion to stay the proceedings pending appeals of our January 15, 2019 and May 20, 2019 Orders.

### 1. Berks County fails to show we should stay all proceedings under the proper standard for stay pending appeal.

#### a. Berks County fails to show they are likely to succeed on the merits of their appeals.

Notwithstanding our findings after three evidentiary hearings, Berks County argues it shows a likelihood of success on the merits of their appeals. We disagree. Over the course of three preliminary injunction hearings, we heard hours of testimony concerning Berks County's differing treatment of male and female Trusty inmates. Based on the testimony presented at the hearings, we found both Ms. Victory and Ms. Velazquez-Diaz showed Berks County treats female Trusty inmates housed in the Jail substantially differently than it treats male Trusty inmates housed in the separate Community Reentry Center. Berks County now repeats the same arguments we rejected and offer no new evidence to show a likelihood of success on their appeals.

Berks County fails to show a likelihood of success on the merits of their appeal.

#### b. Berks County fails to show irreparable harm absent a stay.

We next ask whether the applicant will be irreparably injured absent a stay. Berks County again argues it will suffer irreparable injury absent a stay because they "would be required to spend time, money and resources, in modifying [their] operations and facilities in order to comply with [our] Order granting injunctive relief."[41] They admit the issue is spending money to provide equal protection to Ms. Velazquez-Diaz. We rejected this same argument during both preliminary injunction hearings. We again reject this argument.

9

### c. Berks County does not show the stay will not substantially injure the other interested parties.

The third factor we consider is whether issuance of the stay will substantially injure the other parties interested in the proceeding. We found Ms. Velazquez-Diaz showed she presently suffers from irreparable harm in depriving her the freedom of movement provided to male Trusty inmates in the Community Reentry Center. Berks County offers no argument persuading us otherwise. A stay would essentially negate the preliminary injunctive relief we ordered and prevent timely resolution of Ms. Velazquez-Diaz's and Ms. Victory's claims.

### d. Berks County fails to show a stay of the proceedings is in the public interest.

Berks County fails to argue a stay of the proceedings is in the public interest. It fails to show we should stay the proceedings pending appeals of our January 15, 2019 and May 20, 2019 Orders.

### 2. Berks County fails to show grounds for a stay even under its proposed standard.

Berks County fails to show we should stay this case under its alternative stay standard. It argues the length of the relatively limited months of a stay favors it. Easier for it to say since it is not facing daily irreparable harm. Courts in our Circuit reject requests for "indefinite" stays,[42] and Berks County can only speculate as to when our Court of Appeals will decide their appeals. Berks County again argues we rejected concerning hardship in complying with our preliminary injunction orders. We found Ms. Velazquez-Diaz is presently suffering from irreparable harm and Berks County offers no argument as to why we should deviate from the finding. Berks County fails to show a stay promotes judicial economy.

## C. We do not stay our May 20, 2019 Order pending appeal.

In addition to moving to stay all proceedings, Berks County separately moves to stay our May 20, 2019 Order pending the outcome of the appeal. Berks County appealed our January 15, 2019 and May 20, 2019 preliminary injunction Orders and now seek to stay our May 20, 2019 Order. As of today, Berks County is only required to file a plan for our consideration.

We again apply the proper standard to determine whether to grant a stay pending appeal.

### 1. Berks County fails to show a likelihood of success on the merits of their appeal.

Berks County argues a likelihood of success on the merits of their appeal of our May 20, 2019 Order. We disagree. Berks County treats male and female Trusty inmates in significantly different ways relating to their freedom of movement and visitation. We evaluated the credibility of witnesses in three evidentiary hearings. Berks County will not change its treatment. We see no likelihood of success based on the extensive testimony and exhibits we reviewed.

### 2. Berks County fails to show suffer irreparable harm absent a stay.

We next ask whether the applicant will be irreparably injured absent a stay. Berks County again argues it will suffer irreparable injury absent a stay because they "would be required to spend time, money and resources, in modifying [their] operations and facilities in order to comply with [our] Order granting injunctive relief."[43] We are not requiring it to spend money in modifying facilities today. Even if we did, Berks County needs to spend the proper resources to ensure equal protection for Ms. Velazquez-Diaz.

In our May 20, 2019 Order, we only ordered Berks County "file a proposed plan to ensure compliance with the accompanying Memorandum allowing Ms. Velazquez-Diaz to have the freedom of movement provided to male Trusty inmates housed at the Community Reentry Center as of May 15, 2019[.]"[44] Berks County fails to argue how providing a proposed plan to ensure

11

compliance with our May 20, 2019 irreparably harms them. We may face a different issue of irreparable harm should we approve a plan of remediation. But we are not there yet. We reject its present argument.

### 3. Berks County's argument the stay will not substantially injure the other parties interested in the proceedings fails.

The third factor we consider is whether issuance of the stay will substantially injure the other parties interested in the proceeding. As explained, we found Ms. Velazquez-Diaz showed she presently suffers from irreparable harm. A stay would negate the preliminary injunctive relief designed to relieve her harm. It would reverse detailed Findings of Fact entered after evaluating witness credibility in three hearings. A stay vacates the injunctive relief. It will cause Ms. Velazquez-Diaz to incur daily loss of her constitutional rights. The stay may last longer than Ms. Velazquez-Diaz's sentence in August 2019. Berks County fails to show staying our May 20, 2019 Order will not substantially injure other interested parties.

### 4. Berks County fails to show the public interest will not be harmed a stay of our May 20, 2019 Order.

Berks County argues a stay of the May 20, 2019 Order will benefit the public interest because "it conserves the spending of taxpayers' monies in defending the litigation" and "supports the public interest of operating a safe correctional facility."[45] In our May 20, 2019 Findings of Fact and Conclusions of Law, we found "[t]he public interest favors protection of Ms. Velazquez-Diaz's constitutional right to be free from gender discrimination."[46] We also found Berks County failed to show protecting Ms. Velazquez-Diaz's constitutional right "would impair the safety of inmates in the Berks County Jail System."[47]

Berks County only again speculates injunctive relief risks inmate safety. It provides no support for their argument taxpayer money spent in this litigation harms the public interest. To the

contrary, it (or its insurer) continues to spend substantial legal fees and, should it lose at trial, possibly incur dramatically increased attorney's fees incurred by Ms. Victory's and Ms. Velazquez-Diaz's counsel.

We deny Berks County's motion to stay our May 20, 2019 Order pending the outcome of appeal of the Order.

### III. Conclusion

In an accompanying Order, we deny Berks County's motion to stay further proceedings in our case pending resolution of appeals of our January 15, 2019 and May 20, 2019 Orders. We also deny Berks County's motion to stay to obligation to file a plan to ensure compliance with Ms. Velazquez-Diaz's constitutional rights under our May 20, 2019 Order pending appeal.

---

[1] N.T. Jan. 10, 2019, Pl.'s Ex. No. 2 at 2.

[2] ECF Doc. No. 1.

[3] ECF Doc. No. 39.

[4] ECF Doc. No. 62.

[5] *Id.*

[6] ECF Doc. No. 64

[7] ECF Doc. No. 115.

[8] ECF Doc. No. 135.

[9] *Id.*

[10] ECF Doc. No. 106, at p. 5.

[11] *Id.* at p. 6.

[12] ECF Doc. No. 133.

[13] *Id.*

[14] ECF Doc. No. 141.

[15] ECF Doc. No. 142.

[16] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[17] *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).

[18] *Smith v. Twp. of Aleppo*, No. 05-0071, 2005 WL 4984381, at *2 (W.D. Pa. Aug. 24, 2005).

[19] *Id.*

[20] *Id.* (quoting *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996)).

[21] *Id.*

[22] No.13-01920, 2015 WL 6744531 (E.D. Cal. Nov. 4, 2015).

[23] *Id.* at *2 (quoting *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973)).

[24] 688 F.2d 1291 (9th Cir. 1982).

[25] *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

[26] No. 17-07210, 2018 WL 5316174, at *1 (N.D. Cal. Aug. 30, 2018).

[27] *Id.* (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

[28] *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)).

[29] *Id.* at *3.

[30] 167 B.R. 258, 260 (Bankr. M.D. Fla. 1994).

[31] *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

[32] *Id.*

[33] *Id.*

[34] *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.").

[35] 28 U.S.C. § 1292(a)(1).

[36] *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013).

[37] *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

[38] *Conestoga Wood*, 2013 WL 1277419, at *1 (denying motion to stay pending appeal of a denial of preliminary injunction relief when plaintiff fails to reach "particularly high" bar for such stay).

[39] *HR Staffing Consultants, LLC v. Butts*, No. 15-3155, 2015 WL 3561618, at *2 (D.N.J. June 4, 2015) (citing *Conestoga Wood*, 2013 WL 1277419, at *1).

[40] *Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 610 (M.D. Pa. 2016).

[41] ECF Doc. No. 142, at p. 9.

[42] *Vasvari v. Rite Aid Corp.*, No. 09- 2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration . . . .")).

[43] ECF Doc. No. 142, at p. 9.

[44] ECF Doc. No. 135.

[45] ECF Doc. No. 142, at p. 11.

[46] ECF Doc. No. 134, at p. 22.

[47] *Id.* at p. 22.