**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THERESA VICTORY,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 18-5170** |
| | : | |
| **BERKS COUNTY,** *et al.* | : | |

## ORDER

**AND NOW**, this 8th day of November 2019, following our November 5, 2019 Order (ECF Doc. No. 299) requesting all parties provide memoranda on outstanding evidentiary issues after our final pre-trial conference, and upon considering the parties' Memoranda (ECF Doc. Nos. 305, 308), it is **ORDERED**:

1.     Ms. Victory adduced evidence of physical injury beyond *de minimis* harm, including nausea, vomiting, and back pain under 42 U.S.C. § 1997e(e) and may proceed on her compensatory damage claim[1];

2.     Ms. Velasquez-Diaz did not adduce evidence of physical injury and may not proceed on a compensatory damage claim;

3.     Ms. Victory may testify as to her rational perception of her conditions of confinement and her rational perception of her physical or emotional harm but may not, based this rational perception testimony, conclude the conditions of confinement caused a specific

---

[1] Finding Ms. Victory meets the physical injury requirement of section 1997e(e), we do not address if her status as an ex-prisoner at the time of the Second Amended Complaint excuses her from the physical injury requirement in light of *Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019).

medical diagnosis (i.e. sciatica or depression) as such testimony would require expert knowledge of the "complexities of the human body"[2]; and,

4.      Plaintiffs may present evidence of alleged substantial disparity in the manner in which the Defendants afford access to work release opportunities for female Trusty inmates to the extent they tie alleged impairment of access to work release opportunities to the denial of access to furlough compared to male Trusty inmates but cannot separately argue the alleged impairment of access to work release for female Trusty inmates is, in and of itself, an Equal Protection violation as the Plaintiffs never plead this claim independent of a claim of substantial disparity in access to furloughs for female Trusty inmates.

KEARNEY, J.

---

[2] *Redland Soccer Club, Inc. v. Department of Army of the United States*, 55 F.3d 827 (3d Cir. 1995).

2